UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

RONALD KING,                                        **MEMORANDUM & ORDER**

              Petitioner,                 11-CV-3810 (KAM)

    -against-

PEOPLE OF THE STATE OF NEW YORK,

              Respondent.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

        This court denied pro se petitioner Ronald King's habeas corpus petition in December 2014. Nearly a year after the judgment issued and the window for petitioner to file a timely notice of appeal closed, he brought this motion in December 2015 requesting that the court vacate and reissue the judgment to permit him to file a timely appeal. For the reasons stated herein, petitioner's motion is DENIED.

## BACKGROUND

        On August 4, 2011, petitioner filed a habeas petition under 28 U.S.C. § 2254. (*See* ECF No. 1.) On December 31, 2014, this court denied the petition. (*See* ECF No. 12.) On January 5, 2015, a judgment was entered in favor of the respondent. (ECF No. 13.) Although the docket reflects that the order and judgment (as well as an appeals packet) were initially returned to the court as undeliverable on February 23, 2015, the Clerk of Court subsequently

received an updated address and mailed another copy of the same documents to petitioner on February 24, 2015. There was no further activity on the docket until December 4, 2015, when petitioner filed this motion requesting that the court vacate and reissue the judgment in this case to permit him to file a timely appeal.[1] (See ECF No. 15, Petitioner's Motion to Vacate, Set Aside or Correct Sentence ("Pet. Mot.").) Petitioner alleges that he never received the order or judgment denying his writ of habeas corpus. (*Id.*, Ex. A.) Because he never received notice of the denial of his petition, he claims, he failed to timely appeal the order and judgment. (*Id.*) He therefore seeks a vacatur and reissuance of the judgment to permit him to timely appeal. (*See* Pet. Mot. at 13.)

## **DISCUSSION**

The court treats petitioner's motion, styled as a petition under 28 U.S.C. § 2255,[2] as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4

---

[1] Although petitioner's motion was filed with the Clerk of Court on December 10, 2015, under the "mailbox rule" the court deems it filed on December 4, 2015, the date he affirms he delivered it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (holding that a pro se prisoner's notice of appeal is filed when the prisoner delivers it to prison authorities for forwarding to the court clerk).

[2] Although petitioner's underlying conviction was in state court (*see* ECF No. 1), he apparently filed his petition under 28 U.S.C. § 2255 because the decision denying his habeas petition was issued in federal court. (*See* Pet. Mot. at 5 ("I did not raise this issue because the Error occurred afterward in the Federal Court.").)

2

("Rule 4"). *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal . . . .").

Rule 4(a)(1) requires a party in a civil case to file a notice of appeal within 30 days after judgment is entered. However, as relevant here, another provision — Rule 4(a)(6) — establishes an exception. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) *the motion is filed within 180 days after the judgment or order is entered* or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Rule 4(a)(6) (emphasis added).

Rule 4(a)(6)'s time periods are "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) ("[T]he time periods prescribed by Rule 4(a)(6) are mandatory and

jurisdictional." (internal quotation marks and citation omitted)). Thus, a court may not consider a motion to extend the time to file an appeal outside of the 180-day time limitation prescribed by Rule 4(a)(6). *See Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302, 305 (2d Cir. 1999) ("[Rule 4(a)(6)] provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry."); *Avolio v. County of Suffolk*, 29 F.3d 50, 54 (2d Cir. 1994) (recognizing the 180-day time limit); *Gibson v. Artus*, No. 05-CV-3009, 2010 WL 517592, at *2 (S.D.N.Y. Feb. 3, 2010) ("It appears to this Court that Petitioner may not appeal from the Judgment because Rule 4(a)(6) of the Federal Rules of Appellate Procedure establishes an outer limit of 180 days to seek additional time to appeal." (internal quotation marks, alterations, and citation omitted)); *see also* Advisory Committee Note to Rule 4(a)(6) ("[Rule 4(a)(6) establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal.")[3]

---

[3] This court has also considered petitioner's motion as seeking relief from a final order, judgment, or proceeding under Federal Rule of Civil Procedure 60(b)(6). The standard for granting Fed. R. Civ. P. 60(b)(6) motions is strict, and requires petitioner to demonstrate "extraordinary circumstances" to justify relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In this case, petitioner has not offered any evidence of "extraordinary circumstances" for this court to consider. *See Marquez*

4

Here, petitioner's request to reopen the time to appeal the order denying him habeas corpus relief falls outside the 180-day time limit established by Rule 4(a)(6). The judgment in this case issued on January 5, 2015. (*See* ECF No. 13.) Petitioner's deadline to file a timely appeal was therefore February 4, 2015. Under Rule 4(a)(6), however, petitioner had 180 days from the date of the judgment — or until July 4, 2015 - to seek to reopen the time to file an appeal. Petitioner did not file this motion until December 4, 2015, well outside the 180-day window. (*See* Pet. Mot.) The court is sympathetic to plaintiff's allegation that he never received the order or judgment. However, failure to receive notice of an order or judgment does not constitute grounds to reopen the time to file an appeal when that motion is not filed within 180 days of entry of the order or judgment. *See Ryan*, 174 F.3d at 305 ("[Rule 4(a)(6)] provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry.")

---

*v. Perlman*, No. 03-CV-8643, 2012 WL 2895018, at *3 (S.D.N.Y. July 16, 2012) (finding that allegations of destroyed documents related to court proceedings as well as lack of proof that copy of judgment was sent to petitioner did not justify relief under Fed. R. Civ. P. 60(b)(6)). More fundamentally, Fed. R. Civ. P. 60(b) "cannot be used to circumvent the 180-day limitation set forth in [Fed. R. App. P. 4(a)(6)]." *Gibson*, 2010 WL 517592, at *2 (quoting *Vencor Hosps., Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002)).

5

Petitioner is therefore barred from moving to reopen the time to appeal the order and judgment denying his habeas petition. The motion to reopen is DENIED.

**SO ORDERED.**

Dated: March 16, 2016
       Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge